UNITED STATES of America, Plaintiff,

v.

Jorge MERCADO–FLORES, Defendant.

Crim. No. 14–466(GAG).

United States District Court, D. Puerto Rico.

Signed Aug. 26, 2015.

Julia Meconiates, Marshal D. Morgan, United States Attorneys Office, San Juan, PR, for Plaintiff.

Francisco Rebollo–Casalduc, Francisco Rebollo Casalduc Law Office, San Juan, PR, for Defendant.

### *NUNC PRO TUNC ORDER*

GUSTAVO A. GELPI, District Judge.

Upon further reconsideration of the Government's arguments set forth in Docket Nos. 43 and 55 and the court's corresponding Opinion and Orders at Docket Nos. 46 and 80, the court hereby issues this nunc pro tunc Order as to both of the court's opinions. The court holds that even if it were to consider the Government's argument as correct that 18 U.S.C. § 2421 of the Mann Act applies to an offense wholly within the Commonwealth of Puerto Rico because despite its commonwealth status, it remains a territory of the United States, the ambiguity of said section when compared with section 2423(a) must be resolved in favor of the Defendant.

■ The following principles guide the court's decision today. The First Circuit has long recognized the application of the Rule of Lenity to criminal statutes. *See Soto–Hernandez v. Holder*, 729 F.3d 1, 5-6 (1st Cir.2013). This rule, which has its roots in English common law, "requires that ambiguity in a criminal statute be resolved in favor of the accused." *United States v. Jimenez*, 507 F.3d 13, 20 (1st Cir.2007) (citing *Cleveland v. United States*, 531 U.S. 12, 25, 121 S.Ct. 365, 148 L.Ed.2d 221 (2000) ("[A]mbiguity concerning the ambit of criminal statutes should be resolved in favor of lenity.")). The application of the rule, however, "only applies if there is a *grievous* ambiguity in the statute." *Jimenez*, 507 F.3d at 20 (quoting *United States v. Councilman*, 418 F.3d 67, 83 (1st Cir.2005)). The First Circuit has recognized that the purpose underlying this rule is "to promote fair notice to those subject to the criminal laws, to minimize the risk of selective or arbitrary enforcement, and to maintain the proper balance between Congress, prosecutors, and courts." *United States v. Bowen*, 127 F.3d 9, 13-14 (1st Cir.1997) (quoting *United States v. Kozminski*, 487 U.S. 931, 952, 108 S.Ct. 2751, 2764, 101 L.Ed.2d 788 (1988) (internal quotation marks omitted)).

■ Moreover, the United States Supreme Court recently emphasized that outside the rule of lenity, "the Government violates [the guarantees of the Due Process Clause of the Fifth Amendment] by taking away someone's life, liberty, or property under a criminal law so vague that it fails to give ordinary people fair notice of the conduct it punishes, or so standardless that it invites arbitrary enforcement." *Johnson v. United States*, —— U.S. ——, 135 S.Ct. 2551, 2556, 192 L.Ed.2d 569 (2015) (citing *Kolender v. Lawson*, 461 U.S. 352, 357-58, 103 S.Ct. 1855, 75 L.Ed.2d 903 (1983)). "The prohi-

bition of vagueness in criminal statutes is a well-recognized requirement, consonant alike with ordinary notions of fair play and the settled rules of law, and a statute that flouts it violates the first essential of due process." *Johnson*, 135 S.Ct. at 2557 (internal quotation marks omitted).

As noted in the court's Opinion and Order at Docket No. 46, prior to 1999, section 2423(a) did not include the language "in any commonwealth . . . of the United States." In 1998, the 105th Congress promulgated Public Law 314, known as the Protection of Children from Sexual Predators Act. *See* Pub.L. No. 105–314, 112 Stat. 2974 (1998). Among other amendments, including raising the mandatory minimum penalty, Congress amended section 2423(a) to add "any commonwealth" before "territory or possession of the United States." *See* 144 Cong. Rec. S12257–01, 1998 WL 701518 (daily ed. Oct. 9, 1998) (statement of Sen. Daniel Coats). Also within Public Law 314, Congress amended section 2421 by inserting "or attempts to do so," before "shall be fined" and by striking "five years" and inserting "10 years." *See* Pub.L. No. 105–314, 112 Stat. 2974; 144 Cong. Rec. S12257–01, 1998 WL 701518 (daily ed. Oct. 9, 1998). These amendments created a genuine ambiguity in the Mann Act because section 2423(a) clearly indicates that the same applies to intra-state activities within "any **commonwealth**, territory or possession of the United States" and section 2421 indicates that it applies to intra-state activities within only within "any Territory, or Possession of the United States." *Compare* 18 U.S.C. § 2421 (transportation generally) with 18 U.S.C. § 2423(a) (transportation of minors). As such, in light of the court's extensive discussion regarding the commonwealth status of Puerto Rico, the court held that it simply cannot conceive any other intention for the inclusion of the word "commonwealth" in section 2423(a)

other than to include the Commonwealth of Puerto Rico within the jurisdiction of the statute. *See United States v. Medina–Ayala*, 906 F.Supp.2d 20, 22 (D.P.R.2012) ("There could hardly be a clearer intention of purpose than the specific addition of the word "commonwealth" to the existing language of the Mann Act.").

■ Accordingly, the ambiguity as to whether 18 U.S.C. § 2421 applies to the Commonwealth of Puerto Rico must be resolved in Defendant's favor, which would render it in applicable to the Commonwealth, as it only makes it a federal crime to transport any individual within the intent to engage in criminal sexual activity "in interstate or foreign commerce, or in any **Territory** or Possession of the United States." *See* 18 U.S.C. § 2421. Therefore, the court would still consider this statute inapplicable to the present case and vacate its judgment at Docket No. 44.

**SO ORDERED.**